

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. A. Hodges
County Auditor
Williamson County
Georgetown, Texas

Dear Sir:

Opinion No. O-3539

Re: Is 5¢ per mile going to
the place of arrest in a
felony case all that is
allowed the sheriff or
constable? - and related
questions.

We acknowledge receipt of your letter of May 15, 1941,
requesting an opinion of this Department on the questions
herein stated.

We quote from your letter as follows:

"Kindly refer to the above article and give
me your opinion relative to the following-

"1. Is 5¢ per mile going to the place of arrest
in a felony case all that is allowed the Sheriff or
Constable?

"2. In returning with the prisoner in a felony
case is the mileage 14¢ or is the Officer allowed
14¢ for himself and 14¢ additional for a prisoner,
a total of 28¢ for conveying the prisoner to the
jail?

"3. If, in your opinion, the sheriff or con-
stable is allowed 28¢ per mile in conveying a pri-
soner to the jail, would he be allowed 5¢ in addition

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

in the event he conveyed more than one prisoner,
that is, 8¢ for each additional prisoner?

"When the State paid the fees and mileage in
felony cases, prior to the passage of the officers
salary law, the mileage allowed was 5¢ going to
arrest, 14¢ plus 14¢ (28¢) for conveying to jail
with 8¢ per mile for each additional prisoner,
therefore this county followed the State in the pay-
ments.

"The payment by the State of Texas of the 28¢
mileage for return of a prisoner in a felony case
was based on an opinion of some judge in the higher
court, regardless of the fact that the law states
14¢ per mile. The opinion of the judge being that
it was the intention of the Legislature to allow
14¢ to the officer and 14¢ additional for the pri-
soner."

According to the 1940 Federal Census, Williamson County
has a population of 41,698 inhabitants or in excess of 40,000;
consequently, Article 1029, Vernon's Code of Criminal Procedure,
is applicable as to mileage fees payable relative to the above
stated questions.

Article 1029, Code of Criminal Procedure, reads in
part as follows:

"1.  For executing each warrant of arrest
or capias . . . and in all cases five cents per
mile for each mile actually and necessarily travel-
ed in going to the place of arrest; and for con-
veying each prisoner to jail; he shall receive
the mileage provided in subdivision 4.

". . .

". . .

"4.  For removing or conveying prisoners,
for each mile going and coming, including guards
and all other necessary expenses, when travelling
by railroad, ten cents.  When travelling otherwise
than by railroad, fourteen cents; . . ."

Hon. H. A. Hodges, page 3


Under the construction placed upon the foregoing mileage provisions of Article 1029, supra, and previously followed by this Department, the officer is allowed five cents per mile going and a total of twenty-eight cents per mile returning (fourteen cents for the officer and fourteen cents for the prisoner) for each mile actually and necessarily traveled. (Binford v. Robinson, 244 S. W. 807)

Article 1020, Code of Criminal Procedure, reads in part as follows:

"Sheriffs and Constables serving process and attending any examining court in the examination of any felony case, shall be entitled to such fees as are fixed by law for similar services in misdemeanor cases in county court to be paid by the State, not to exceed Four and No/100 ($4.00) Dollars in any one case, and mileage actually and necessarily traveled in going to the place of arrest, and for conveying the prisoner or prisoners to jail as provided in Articles 1029 and 1030, Code of Criminal Procedure, . . . ."

The county officials of Williamson County are compensated on an annual salary basis and the precinct officers are compensated on a fee basis.

As the sheriff is compensated on an annual salary basis, he is entitled to no fee whatsoever relative to the above mentioned questions. Section 3, Article 3912e, Vernon's Annotated Civil Statutes.

With reference to the fees that the constable who is compensated on a fee basis is entitled to, relative to the above mentioned questions, we answer your inquiry as follows:

1. The constable is entitled to five cents per mile going to the place of arrest in a felony case.

2. And returning the prisoner in a felony case, the constable is entitled to fourteen cents for himself and fourteen cents additional for a prisoner, a total of twenty-eight cents for conveying the prisoner to jail. Provided, however, the constable is traveling otherwise than by railroad.

Hon. E. A. Hodges, page 4

3.   The constable would be allowed eight cents per mile actually and necessarily traveled for each additional prisoner where more than one prisoner is conveyed.  The above mentioned fees are payable from the Officers' Salary Fund of the County.  Section 17, Article 3912e, Vernon's Annotated Civil Statutes.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

APPROVED MAY 23, 1941

AW:N

Glenn R. Lewis

Acting ATTORNEY GENERAL OF TEXAS

